# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **EMILY SPEAR,**<br><br>Plaintiff,<br><br>vs.<br><br>**PERFORMANT RECOVERY, INC., fka DIVERSIFIED COLLECTION SERVICES, INC.;** and **DOES 1 through 10, inclusive,**<br><br>Defendants. | Civil Action No.<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

### *I.    INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Emily Spear, an individual consumer, against Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and against Defendant's violations of the Texas Debt Collection Practices Act § 392 (hereinafter "TDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

1

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Because Defendant transacts business here, personal jurisdiction is established.

## III.  PARTIES

4. Plaintiff, Emily Spear (hereinafter "Plaintiff"), is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Parker County, in the state of Texas.

5. Defendant, Performant Recovery, Inc., fka Diversified Collection Services, Inc. (hereinafter "Defendant ") is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County, at 333 North Canyons Parkway, Suite 100, Livermore, CA 94551.

6. Defendants Does 1 through 10, inclusive are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant Does are "debt collectors" as that term is defined

by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the collectors may be joined as parties once their identities are disclosed through discovery.

7.  Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8.  At all relevant times, Defendant acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

9.  Sometime prior to July of 2012, Plaintiff, Emily Spear, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

10.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

11. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as defined by the FDCPA, 15 U.S.C. § 1692a(5).

12. Defendant then within one year prior to the filing of this complaint, contacted Plaintiff and placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt owed under an account number. Defendant called Plaintiff at both her work phone number and her home phone number.

13. On July 3, 2012, Defendant contacted Plaintiff on her work phone number, 214-748-6541, around noon. At this time, Defendant demanded a payment of $26,000. Defendant stated that if this payment was not made, Defendant was going to file for litigation.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendant mislead Plaintiff by demanding payment from Plaintiff in communications that were within the first thirty days from the first initial communication with Plaintiff without also stating that Plaintiff still had an opportunity to dispute and/or seek validation for the alleged debt; overshadowing Plaintiff's rights to dispute and/or seek validation for the alleged debt.

15. Defendant never intended to file for litigation and in fact has no ability to file for litigation as it can only refer litigation back to the original credit holder. Defendant knew or should have known that Plaintiff could not make a payment of $26,000 and thus made an unreasonable demand in an attempt to threaten and scare Plaintiff into making payment. To Plaintiff's knowledge, Defendant has not attempted to initiate any litigation to date. Plaintiff contends that this statement was false.

### V.   SUMMARY

16. All of the above-described collection communications made to Plaintiff Emily Spear by each individual Defendant and other collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

17. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and the TDCPA, including but not limited to all of the above mentioned provisions of the FDCPA and TDCPA.

18. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

19. Plaintiff suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, and upset, amongst other negative emotions.

20. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## VI.   CAUSES OF ACTION

### COUNT I

### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

### *15 U.S.C. § 1692 et seq.*

21. Plaintiff, Emily Spear, repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

   (a) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(b) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(c) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(d) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

23. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## *COUNT II*

## *VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT TDCPA § 392*

24. Plaintiff, Emily Spear, repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

26. Defendant violated TDCPA § 392. Defendant's violations of TDCPA § 392 include, but are not limited to the following:

    (a) Defendant violated TDCPA § 392.304(19) by using any other false representation or deceptive means to collect on the alleged debt or obtain information concerning Plaintiff.

27. Defendant's acts as described above were done intentionally with the purpose of coercing Emily Spear to pay the alleged debt.

28. As a result of the foregoing violations of the TDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, attorney's fees, interests and costs, as a result of a violation of the TDCPA.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Emily Spear, respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and actual damages from each Defendant pursuant to TDCPA § 392 for the emotional distress suffered as a result of the intentional and/or negligent TDCPA violations; in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to

15 U.S.C. § 1692k(a)(2)(A).

C. Statutory damages from each Defendant pursuant to TDCPA § 392.

D. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3), and also pursuant to TDCPA § 392 et al.

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff Emily Spear demands trial by jury in this action on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

DATED: July 1, 2013                             RESPECTFULLY SUBMITTED,

By: /s/ Kimberly A. Lucas
Kimberly A. Lucas, Esq.
State Bar No. 14991480
KYLE MATHIS & LUCAS, LLP
8226 Douglas, Ste. 450
Dallas, TX 75225
klucas@kylemathis.com
Tel: 214-706-7607
Fax: 214-706-7622
ATTORNEYS FOR PLAINTIFF
EMILY SPEAR